People v Theronier (2021 NY Slip Op 04092)





People v Theronier


2021 NY Slip Op 04092


Decided on June 24, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 24, 2021

Before: Gische, J.P., Webber, Oing, González, JJ. 


Ind No. 1632/15 Appeal No. 14123 Case No. 2018-1097 

[*1]The People of the State of New York, Respondent,
v
Serge C. Theronier, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Kami Lizarraga of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Molly Morgan of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered July 18, 2017, convicting defendant, after a jury trial, of assault in the second degree (two counts) and resisting arrest, and sentencing him to an aggregate term of 2½ years,
unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v. Danielson, 9 NY3d 342, 348—349, [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's underlying arrest for disorderly conduct was supported by probable cause, thereby satisfying the lawful duty and authorized arrest elements of defendant's convictions. It can be readily inferred from the evidence that defendant recklessly created a risk of public inconvenience, annoyance, or alarm when he repeatedly disregarded the arresting officers' lawful order to disperse from an area in the Port Authority Bus Terminal where passengers were not allowed to sit, shouted obscenities at the officers, slammed his hand against a window, and flailed his arms in an aggressive manner (see Penal Law § 240.20[3]; People v Weaver, 16 NY3d 123, 128 [2011]). The totality of circumstances, including defendant's physically aggressive behavior, created a situation that "involved more than a brief exchange of words between a defendant and a police officer" (People v Baker, 20 NY3d 354, 362 [2013]), and supported a finding of probable cause.
Defendant's excessive sentence argument is moot and is no longer being pursued.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2021